IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Waltez Jemel Latham, | ) | Civil Action No. 4:08-70131 |
| | ) | Criminal No. 4:06-00207 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Waltez Jemel Latham ("petitioner").

On March 1, 2006, the petitioner was charged with four counts of criminal conduct in Indictment 4:06-207. On September 5, 2006, the petitioner plead guilty to Count 1 and Count 6 of the indictment. (Doc. #258). Count 1 charged the petitioner with conspiracy to distribute cocaine with intent to distribute and to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine in violation of 21 U.S.C. § 846, and Count 2 charged the petitioner with using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On December 15, 2006, the petitioner was sentenced to 120 months of imprisonment as to Count 1, and 60 months of imprisonment as to Count 6, to run consecutively, for a total sentence of 180 months of imprisonment. The petitioner was also sentenced to five years of supervised release. Judgment was entered in the petitioner's case on January 18, 2007. (Doc. #367).

The petitioner timely filed an appeal of his conviction with the Fourth Circuit Court of Appeals. On August 27, 2007, the Fourth Circuit issued an opinion affirming the petitioner's

conviction. United States v. Waltez Jemel Latham, No. 07-4043 (4th Cir. 2007) (unpublished). The Fourth Circuit issued its mandate on September 20, 2007. (Doc. #447).

The petitioner filed the present motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on November 17, 2008. (Doc. #527). The petitioner filed a memorandum in support of his motion on December 3, 2008. (Doc. #528). In the motion, the petitioner raises two grounds for relief. (Doc. #527). The United States of America ("Government") filed its response to the petitioner's motion to vacate under 28 U.S.C. § 2255 and motion for summary judgment on June 17, 2009. (Docs. #550, #551). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed June 23, 2009 that he had thirty-four days to file any material in opposition to the Government's motion for summary judgment. (Doc. #555). The petitioner filed a response to the Government's motion for summary judgment on July 20, 2009. (Doc. #561). This matter is ready for disposition.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## BACKGROUND

The petitioner has filed his motion to vacate pursuant to 28 U.S.C. § 2255 raising the following two claims (set forth verbatim):

1. Counsel was ineffective wherein he failed to object to the manner in which the evidence was obtained: There was no indication that the evidence that formed the basis for the charge was obtained in a legal manner.

2. Counsel was ineffective wherein he erroneously advised the Petitioner to plead guilty: Petitioner was not aware of the existence of the gun nor was it used or possessed in furtherance of a drug trafficking offense.

## STANDARD OF REVIEW

In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed R. Civ. P. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

Within the motion to vacate, the petitioner has raised claims of ineffective assistance of counsel. A claim of ineffective assistance of counsel is subject to collateral review pursuant to 28 U.S.C. § 2255. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). In order to prevail on a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the

4

petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. As the Court in Strickland observed:

> [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689.

## **GROUND ONE**

In his first ground for relief, the petitioner contends that his attorney should have objected to the manner in which the evidence against him was obtained. In his memorandum in support of the motion to vacate, the petitioner specifically objects to the manner that the handgun, for which he was held accountable, was obtained. The petitioner also highlights multiple inconsistencies within the record.

The petitioner challenges the legality of a traffic stop that occurred on January 6, 2005. The petitioner notes that during the plea hearing, a Special Agent for the FBI gave a factual recitation of the facts supporting the plea. During this recitation, the agent noted:

5

> As far as Mr. Latham, on January 6, 2005, there
> was a car stop initiated, based on information,
> by the Williamsburg County Sheriff's Office. During the
> search of Mr. Latham's vehicle 57.8 grams of crack, 3.6
> grams of cocaine and a 38 caliber handgun were retrieved
> from Mr. Latham's Vehicle. Also on January 24, 2006, a
> confidential informant made a controlled purchase of
> 25.71 grams of crack cocaine from Mr. Latham, and then
> finally, when Mr. Latham was arrested on January, excuse
> me, March 21, 2006, he had 62.36 grams of powder cocaine
> and .65 grams of crack in his possession.

Plea Trans. at p. 44:15-25.

The record indicates that the agent presenting facts at the plea hearing was not fully accurate regarding where the drugs and firearm were recovered. Although the petitioner was stopped and arrested on January 6, 2005 following a traffic stop, the items described during the plea hearing were recovered from a residence, not from the petitioner's vehicle. The record indicates that the 57.8 grams of crack, 3.6 grams of cocaine, and the .38 caliber handgun were recovered on January 6, 2005 during the execution of a search warrant at a residence located at 49 Apollo Drive in Kingstree, South Carolina.[1] (PSR at ¶ 22, Doc. #16) (Williamsburg County Sheriff's Office Incid. Rep., Doc. #551). Notably, the presentence report sets forth the facts regarding the search accurately. (PSR at ¶ 22). At sentencing, the petitioner agreed with his counsel that he had no objection to the presentence report. (Sentencing Trans. at p. 10:1). The Court "accepted the presentence report in this case, both as to the factual and legal conclusions as set forth in the presentence report."

---

[1] The PSR also contains a second discrepancy related to this search. Paragraph 35 of the PSR indicates that "On January 6, 2005, the Williamsburg County Sheriff's Office executed a search warrant at 52 Cougar Lane, the residence of the defendant. During the search, agents recovered 26.5 grams of a powder substance believed to be cocaine, 72.5 grams of a rock-like substance believed to be crack cocaine, over $1,000 cash and a .38 caliber handgun." It appears that this paragraph contains a misstatement, in that the January 6, 2005 search warrant was apparently executed on a residence located at 49 Apollo Drive, and not on the petitioner's personal residence located at 52 Cougar Lane.

(Sentencing Trans. at p. 10:6-9). Any factual inaccuracy at the plea was cured by the acceptance of the accurate facts set forth in the presentence report by the petitioner. Additionally, after the facts were presented at the plea, the petitioner admitted his guilt as to the drug charge without any reference to an illegal search, (Plea Trans. at pp. 49:22-50:3), and admitted his guilt on the gun charge without any reference to the legality of the search. (Plea Trans. at p. 51:15-18). The Court reviewed the charges with the petitioner in detail. (Plea Trans. at pp. 33:17-34:18, 39:1-24).

The discrepancies within the record do not impact the validity of the conviction in the petitioner's case. In his memorandum in support of the motion to vacate, the petitioner asserts that the traffic stop through which the government obtained the evidence used to convict him was illegal. The petitioner further asserts that his attorney was ineffective for failing to object to the illegal search. However, the record indicates that the physical evidence used against the petitioner, including various weights of powder cocaine, crack cocaine, and a .38 caliber handgun, were not obtained during a traffic stop. Although the record contained misstatements at the time of the plea, the record reflects that the bulk of the physical evidence obtained against the petitioner was obtained during the execution of a search warrant on a residence located at 49 Apollo Road in Kingstree, South Carolina. Although the petitioner has raised a number of arguments against the legality of the January 6, 2005 traffic stop, the petitioner has set forth no valid argument against the legality of the search warrant executed on the residence located at 49 Apollo Road. As the narcotics and handgun were not recovered during a traffic stop, according to the correct record, the petitioner's contentions about the legality of this traffic stop warrant no relief. Because the petitioner has not asserted a factual or legal basis on which the execution of the search warrant at 49 Apollo Road was illegal, the petitioner cannot establish that his attorney acted in an objectively unreasonable manner by

7

failing to challenge the legality of this search. Further, the petitioner cannot show that he was prejudiced by his attorney's failure to challenge the execution of this search warrant.

Petitioner has asserted that "[i]f, as the Respondent suggests, an investigation would have revealed that the gun was actually discovered at the house on Appollo [sic] Drive, it is unlikely that the Government would have obtained a conviction on the 924(c) charge . . . Petitioner did not reside at that address; the mere presence of a weapon at that location is far from sufficient to support an allegation that Petitioner used carried, or possessed a weapon in the furtherance of a drug trafficking offense." (Reply at p. 9, Doc. #561). However, the petitioner's generalized legal conclusion is not supported by the record.

As a final matter, the Court notes that the petitioner specifically plead guilty to using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Although the petitioner now claims that, while meeting with his attorney, he "insisted that he never possessed the .38 caliber handgun and had no knowledge as to it's existence," his admissions on the record contradict this assertion.[2] (Mem. in Supp. at p. 10, Doc. #528). It is reasonable to conclude from the record that the firearm was used, carried, or possessed in furtherance of a drug trafficking crime. With regard to the petitioner's assertion that his counsel was ineffective for failing to challenge the evidence obtained against him, the petitioner has not met his burden with regard to either prong of the Strickland analysis. For this reason, the petitioner's first ground for relief is **DENIED**.

---

[2]See Plea Trans. at p. 51:15-18:
   The Court: Mr. Latham, you did hear facts about your gun possession, do you admit that in this particular case?
   The Defendant Latham: Yes, Sir.

## GROUND TWO

In his second ground for relief, the petitioner asserts that his trial counsel was ineffective for erroneously advising the petitioner to plead guilty because "Petitioner was not aware of the existence of the gun nor was it used or possessed in furtherance of a drug trafficking offense." (Mot. to Vac. at p. 6, Doc. #527). In his memorandum, the petitioner further asserts that his attorney was unfamiliar with the facts or the law surrounding charges under 18 U.S.C. § 924(c), that his counsel was unprepared to proceed to trial, and that "counsel gave him incorrect advice that the mere presence of a gun was sufficient to procure a conviction." (Mem. in Supp. at p. 19, Doc. #528). The petitioner further notes that "any reasonable defendant in his position-absent the failings of counsel- would have proceeded to trial wherein: 1) the evidence would have been inadmissible, or 2) there would have been insufficient basis to sustain a conviction on the § 924(c) charge, and 3) the Petitioner would not have entered a plea that included an admission of guilt to a crime he did not commit." (Mem. in Supp. at p. 19, Doc. #528).

In addressing claims of ineffective assistance of counsel with regard to a challenge to the voluntariness of a guilty plea, the United States Supreme Court has held that to satisfy the second "prejudice" prong of Strickland, a defendant "must show that there is a reasonable probability that, but for counsel's errors, her would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Other courts have noted that "[a] mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993) (quoting United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990)). With regard to the claims alleged in Ground Two, the Court concludes that the petitioner has not met his burden of showing that his counsel's performance

9

during the plea phase of the case fell below an objective standard of reasonableness, nor that, but for counsel's alleged errors, the petitioner would have insisted on going to trial.

The petitioner contends that the evidence in the case was insufficient to sustain a conviction under 18 U.S.C. § 924, and that his counsel ineffectively advised him to plead guilty to this charge. However, the petitioner has not shown that the evidence in this case was insufficient to sustain a conviction under Section 924. As discussed in detail with regard to Ground One above, the record in this case indicates that a .38 caliber handgun was recovered during the execution of a search warrant in this case. In addition to the handgun, police recovered quantities of crack cocaine and powder cocaine during the execution of this search with a clear link between the firearm and the drug activity. Further, the petitioner admitted that he possessed a firearm in furtherance of his drug trafficking activities. Based on the record before the Court at this time, the petitioner has not met his burden of showing that he would have insisted on going to trial had his attorney further advised him regarding proof in connection with 18 U.S.C. § 924(c). The petitioner has failed to meet his burden under both Strickland and Hill with regard to this claim, and the petitioner's second ground for relief is **DENIED**.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. #527), is **DENIED**; and the Government's motion for summary judgment is **GRANTED**. (Doc. #550).

The petitioner's pending motion to compel trial counsel to turn over files is **DENIED**. (Doc. #479).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing

10

Section 2255 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                                                    s/Terry L. Wooten
                                                           United States District Judge

March 29, 2010
Florence, South Carolina